**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **FRANK ROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CIVIL ACTION NO. 5:26-CV-9 (MTT) |
| | ) | |
| **Commissioner BRUCE** | ) | |
| **THOMPSON**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On January 9, 2026, plaintiff Frank Ross, proceeding pro se, filed his complaint. ECF 1. On January 22, 2026, he filed a motion to proceed *in forma pauperis* ("IFP"). ECF 3. For the reasons stated, Ross' motion to proceed IFP (ECF 2) is **GRANTED**. However, Ross' complaint lacks important factual allegations that Ross may have omitted because of his pro se status. Thus, the Court **ORDERS** Ross to amend his complaint by **April 7, 2026**.

## I. DISCUSSION

### A. Motion to Proceed IFP

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Ross' IFP affidavit establishes that he cannot pay the court fees. ECF 3. Thus, the Court finds that Ross is unable to pay the costs of this proceeding without undue hardship and therefore his motion for leave to proceed IFP (ECF 3) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Ross is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

As best the Court can tell, Ross attempts to sue the Hall County Court, the Commissioner of the Georgia Department of Labor, and his former employer, Freight X Trucking, for the denial of his unemployment benefits. ECF 1 at 4. Ross' complaint is deficient for several reasons.

First, Ross' claim against the Hall County Court is barred by Eleventh Amendment immunity. The Eleventh Amendment generally provides a nonconsenting state with immunity from suit brought by a private individual in federal court. U.S. Const. Amend. XI; *Alden v. Maine*, 527 U.S. 706, 712-30 (1999). "The Eleventh Amendment extends to state agencies and other arms of the state." *Schloper v. Bliss*, 903 F.3d 1373, 1378 (11th Cir. 1990). The Eleventh Circuit has held that "actions against state courts and state bars" are barred by Eleventh Amendment Immunity. *Kaimowitz v. The Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993); *see Stegeman v. Georgia*, 290 F. App'x 320, 322 (11th Cir. 2008) ("[The plaintiff's] claims against the Superior Court and the DeKalb County Probate Court are barred by the Eleventh Amendment."). The Hall County Court is, therefore, immune from suit under the Eleventh Amendment. Accordingly, Ross' claim against the Hall County Court is **DISMISSED**.[3]

---

[3] "[W]hile a district court generally must give a pro se plaintiff at least one chance to amend his complaint before dismissing the action *with prejudice*, it need not grant leave to amend when 'a more carefully drafted complaint could not state a claim.'" *Rice v. Chief Exam'r*, 2025 WL 1743708 (11th Cir. June 24, 2025) (emphasis added) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)); *see Anderson v. Fulton Cty. Gov't*, 485 F. App'x 394 (11th Cir. 2012) (affirming dismissal of a pro se plaintiff's claims as frivolous).

Second, Ross has not alleged a basis for federal subject matter jurisdiction over his claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See id*. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Ross does not allege that any federal authority provides a right to relief and, thus, has not alleged federal question jurisdiction. Moreover, because all parties are citizens of the state of Georgia, there is no diversity of citizenship. ECF 1 at 1-2. Accordingly, Ross has failed to allege a proper jurisdictional basis.

Finally, Ross' threadbare allegations fail to state a claim against any defendant. Ross fails to allege a legal basis for his claim against the Commissioner of the Georgia Department of Labor based on the denial of his unemployment benefits. ECF 1 at 3-5. Nor does he state a factual or legal basis for a claim against his former employer, Freight X Trucking. *Id.* However, given Ross' pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Ross is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate statutory or

constitutional authority for bringing his claims. Ross shall have until **April 7, 2026,** to file his amended complaint.

In the "statement of claims" section of his amended complaint, Ross must link any claims he makes to a named defendant. If Ross fails to link a named defendant to a claim, the claim will be dismissed; if Ross makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Ross must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Ross list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Ross injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Ross' original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Ross may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## C.  Fed. R. Civ. P. 11 Obligations

The Court informs Ross of his obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Ross' representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Ross' motion to proceed IFP (ECF 2) is **GRANTED**, Ross' claim against the Hall County Court is **DISMISSED**, and Ross is **ORDERED** to amend his complaint no later than **April 7, 2026**.

**SO ORDERED**, this 17th day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
