**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **FRANK ROSS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:26-CV-9 (MTT)** |
| ) | |
| **Commissioner BRUCE THOMPSON,** ) | |
| ***et al.*,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

On December 19, 2025, the Court granted Plaintiff Frank Ross' motion to

proceed *in forma pauperis* ("IFP") and ordered him to recast his complaint to address

deficiencies. ECF 4. Ross has since filed an amended complaint, and because he is

proceeding IFP, the Court must screen and dismiss his complaint if: (1) if it is frivolous

or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning

that it appears "from the face of the complaint that the factual allegations are 'clearly

baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984

F.2d 392, 393 (11th Cir. 1993) (internal citation omitted). "A dismissal under §

1915(e)(2)(B)(ii) is governed by the same standard as a dismissal pursuant to Federal

Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir.

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the

2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Because Ross is proceeding pro se, his pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). That said, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

## I.     DISCUSSION

As best the Court can tell, Ross was employed by Defendant Freight X Trucking as an "Over the Road Driver" starting in September 2019. ECF 5 at 1; 5-3 at 2. Ross alleges he was terminated in January 2020. *Id.* at 4. Sometime after his termination, Ross filed with the Georgia Department of Labor to receive unemployment benefits. ECF 5-2 at 5. The Department of Labor determined that Ross was not eligible for unemployment benefits either because he was fired for violating Freight X's safety rules or because he quit at Freight X for a better employment opportunity. *Id.*; ECF 5-4 at 5. According to Ross, Freight X falsely listed his reason for termination as "safety violations" to prevent him from receiving unemployment benefits. *Id.* It appears that Ross attempted to appeal the Department of Labor's determination multiple times, but his appeals were dismissed as untimely. ECF 5-2 at 6-10; 5-4 at 5-6. In 2024, Ross brought an action in the State Court of Hall County, seeking reversal of the Commission's denial of his unemployment benefits. ECF 5-1 at 2-5. The state court affirmed the Department of Labor's determination. ECF 1 at 4.

---

light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (citation modified).

In his amended complaint, Ross seeks a judgment awarding him unemployment benefits. ECF 5 at 7. However, Ross does not identify any statutory basis for the Court's jurisdiction. "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. The American Tabacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without jurisdiction, the court is powerless to continue." *Id.* Federal courts have original jurisdiction only when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Ross' amended complaint fails to identify a federal question raised by his claims. *See Reid v. Georgia Dep't of Labor*, 2017 WL 1949222, at *2 (M.D. Ga. May 10, 2017) (concluding claims for the denial of state unemployment benefits do not raise a federal question); *Mayfield v. Thompson*, 2024 WL 4536300 (S.D. Ga Sept. 17, 2024) ("Plaintiff's dispute over the validity of the [Department of Labor's] determination of her entitlement to state unemployment benefits does not plausibly implicate any federal constitutional or statutory claim."). Moreover, Ross' amended complaint does not satisfy the requirements of diversity jurisdiction because he fails to allege that diversity of citizenship exists or that the amount in controversy exceeds $75,000.[2] Accordingly, the Court lacks jurisdiction over this action, and Ross' complaint must be dismissed.

## II.   CONCLUSION

Because the Court lacks federal subject matter jurisdiction over Ross' claims, his complaint is **DISMISSED without prejudice**.

---

[2] Ross also attempts to assert claims against Georgia's former Labor Commissioner, Bruce Thompson, who is deceased. *See Official Statement on the Passing of Commissioner Bruce Thompson*, Georgia Department of Labor (Nov. 25, 2024), https://dol.georgia.gov/blog-post/2024-11-25/official-statement-passing-commissioner-bruce-thompson.

-4-

**SO ORDERED**, this 23rd day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT